(No. 4070 )

Anton Nowak, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 10, 1948.*

D. W. Johnston, for Claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Anton Nowak, filed his complaint on February 2, 1948 for compensation under the provisions of the Workmen's Compensation Act.

The record before us consists of the Complaint, Departmental Report, Transcript of Evidence, Claimant's Waiver of Brief and Respondent's Waiver of Brief.

The evidence, which consists of claimant's testimony, Departmental Report and Report of Dr. George A. Telfer, shows that on January 31, 1947 while claimant was dressing after taking a shower at his place of employment, which was in the State Power Plant at Springfield, Illinois, he was accidentally shoved while sitting on a stool, causing his middle toe to hit the sharp corner of a metal locker-room door, cutting the toe. He worked until February 3, 1947, and on the morning of February 4th noticed his foot was swollen. It was black and there were red streaks going up his leg, and he could not stand on his foot. He then called on three doctors in Springfield, and as they were not in, asked the taxi driver to take him to the power plant. When he arrived at the power plant, which was about 8:30 in the morning, he showed his foot to Earl Johnson, Chief Engineer of the plant, and told him that he was going home to Hillsboro and try to get into the hospital at that place. When he arrived there, he called Dr. George A. Telfer of Hillsboro to his home, who treated claimant's foot until about May 18, 1947.

Claimant further testified, on April 15, 1948, at the time of the hearing before the Commissioner, that the

condition of his foot was such that he was unable to do any hard work, and that about four hours is all he can stand on it after which his foot starts running across the joints and his ankle swells. He also testified that he is unable to wear new shoes without first cutting them, and that he has not worked since the day of his injury due to the condition of his injured foot.

At the time of the accident, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant's earnings for the year immediately preceding the injury were $2,799.84. His compensation rate therefore, is $15.00 per week, which must be increased 20% or to $18.00 per week, the accident having occurred after July 1, 1945. Claimant was paid $699.96 by respondent for unproductive time. He was married and had no children under 16 years of age.

Commissioner Jenkins, who heard the evidence in this matter, personally viewed the foot at the time of the hearing, April 15, 1948, and made the observation that the left foot was swollen, somewhat discolored; that the third toe, counting the large toe as No. 1, is discolored and has an apparent stiffness, and that under the foot of the toe described there is an apparent thickening. He recommended an award based on 52 weeks temporary total disability, and a 20% loss of use of the left foot. The record is not very clear with respect to the extent of claimant's temporary total disability, inasmuch as the doctor's report is silent on this matter. Claimant testified that he has not worked anywhere since the injury. He also testified that his foot finally healed on

July 10, 1947, and the record justifies the conclusion that although he was probably incapable of doing hard work like that of a coal passer or miner, still his period of temporary total disability ceased on or about that date. We concur in the findings of the Commissioner, except that the period of temporary total disability is 23 weeks instead of 52 weeks.

An award is therefore made to claimant, Anton Nowak, for temporary total disability in the sum of $414.00 based on 23 weeks at $18.00 per week, and a further sum of $486.00 for 20% total loss of the use of the left foot based on 27 weeks at $18.00 per week, or a total award of $900.00, from which must be deducted $699.96 paid claimant for unproductive time, leaving a balance due him of $200.04, all of which has accrued and is payable forthwith in a lump sum.

From the evidence, we must conclude that claimant elected to secure his own physician. Under Sec. 8, Par. (a) of the Act, this service, under such conditions, necessarily must be at his own expense, and an award for medical expense in the sum of $98.00 is hereby denied.

Hugo Antonacci, Court Reporter, 502 Illinois National Bank Building, Springfield, Illinois, was employed to take and transcribe the evidence in this case, and has rendered a bill in the amount of $27.30. The Court finds the amount charged is fair, reasonable and customary, and said claim is hereby allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."